IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KYLE HATLEY,** | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **CITY OF DALLAS,** | § § § | |
| *Defendant.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff Kyle Hatley, by and through undersigned counsel, alleges as follows:

### I. NATURE OF THE CASE

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), seeking injunctive relief, damages, and other relief for Defendant's failure to provide a reasonable accommodation to a qualified employee with a disability.

2. Despite Plaintiff's timely and supported request to be accompanied at work by a trained psychiatric service animal, the City of Dallas denied the accommodation based on a misapplication of the ADA and has offered no viable alternative except to maintain the status quo or take a demotion and pay cut.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117(a).

4. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to this claim occurred in Dallas County, Texas.

1

### III. PARTIES

5. Plaintiff Kyle Hatley is a resident of McKinney, Texas, and has been employed by Defendant's Dallas Fire-Rescue Department ("DFR") as a dispatcher since approximately 2017.

6. Defendant City of Dallas is a municipal corporation and employer subject to the ADA. It may be served through the Dallas City Secretary, 1500 Marilla St., Room 5DS, Dallas, Texas 75201.

### IV. ADMINISTRATIVE EXHAUSTION

7. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 450-2025-00392, alleging disability discrimination due to denial of reasonable accommodation.

8. The EEOC issued a Notice of Right to Sue dated May 1, 2025. This suit is filed within 90 days of receipt thereof.

### V. FACTUAL BACKGROUND

9. Plaintiff has been diagnosed with long-term anxiety and depression. His conditions are mental impairments that substantially limit major life activities, including the ability to regulate stress and remain grounded during emergencies.

10. On October 5, 2022, Plaintiff formally requested a reasonable accommodation to bring his trained psychiatric service dog to work at DFR's City Hall dispatch center.

11. Despite repeated follow-up efforts and provision of medical and training documentation, the City delayed resolution for over a year and ultimately denied the request on May 22, 2024.

12. Plaintiff's service dog performs grounding techniques, including deep pressure therapy, to mitigate symptoms and allow Plaintiff to function at work with dignity, focus, and reduced panic.

13. The City claimed the accommodation was unnecessary since Plaintiff could perform the "essential functions" of his job without it—a standard rejected by the Fifth Circuit in *Feist v. La. Dep't of Justice*, 730 F.3d 450 (5th Cir. 2013).

14. On September 3, 2024, the City raised for the first time that the accommodation would cause "undue hardship," despite the fact that (1) Plaintiff has routine breaks each 24-hour shift; (2) backup dispatchers are always present; (3) the workspace can accommodate the dog; and (4) the department allows similar flexibility for breastfeeding and training absences.

15. The City's offered alternative—reassignment to the Fire Prevention Bureau—would result in loss of pay and promotional rank and does not address Plaintiff's disability.

## VI. CLAIM FOR RELIEF (ADA FAILURE TO ACCOMMODATE)

16. Plaintiff repeats and incorporates the above allegations.

17. Plaintiff is a qualified individual with a disability under the ADA.

18. Plaintiff requested a reasonable accommodation that would allow him to enjoy equal benefits and privileges of employment.

19. Defendant failed to provide the accommodation, delayed the interactive process, and ultimately denied the request without adequate justification.

20. Defendant cannot show that Plaintiff's request posed an undue hardship.

21. Defendant's refusal to accommodate violates the ADA.

22. Defendant's refusal to accommodate Plaintiff was done with malice or with reckless indifference to Plaintiff's federally protected rights.

## VII. DAMAGES

23. As a direct and proximate result of the Defendant's violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Plaintiff has suffered and continues to suffer substantial harm, including but not limited to:

a. Emotional Distress and Mental Anguish: Plaintiff has experienced, and continues to experience, severe emotional distress, mental anguish, anxiety, humiliation, frustration, and loss of dignity, all resulting from the Defendant's intentional discrimination and failure to accommodate Plaintiff's disability.

b. Loss of Enjoyment of Life: Plaintiff has been denied the full participation, inclusion, and dignity to which individuals with disabilities are entitled under federal law, resulting in a diminished quality of life.

c. Out-of-Pocket Expenses: Plaintiff has incurred expenses related to medical care, mental health counseling, and other costs reasonably resulting from Defendant's conduct, including costs related to the denial of accommodation.

Other Compensatory Damages: Plaintiff is entitled to all other compensatory damages allowed by law, in an amount to be determined at trial.

24. Pursuant to 42 U.S.C. § 1981a(b)(3), Plaintiff seeks compensatory damages for the foregoing harms in an amount as permitted by law.

25. As a direct and proximate result of the Defendant's willful/malicious/reckless violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., Plaintiff is also entitled to an award of punitive damages.

## VIII. JURY DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that the City's failure to accommodate Plaintiff violates the ADA;

b. Order the City to allow Plaintiff to use his service animal at work;

4

c. Award Plaintiff compensatory damages for emotional distress, mental anguish, loss of enjoyment of life, out-of-pocket expenses, and other compensatory damages;

d. Award Plaintiff punitive damages;

e. Award back pay and lost earnings, if applicable;

f. Award attorney's fees and costs;

g. Grant all other relief the Court deems just and proper.

Respectfully submitted,

***Gorsky, Gilbert, Snider, Horn, Rogers & Watsky, L.L.P.***
12801 North Central Expressway
Suite 1400
Dallas, Texas  75243
Tel.:   (214) 965-0090
Fax:   (214) 965-0097
dwatsky@gorskygilbert.com

By: */s/ David K. Watsky*
    David K. Watsky
    State Bar No. 20932600
    Bob Gorsky
    State Bar No. 08221200
    Zach Horn
    State Bar No. 24078689

***ATTORNEYS FOR PLAINTIFF KYLE HATLEY***